Dan Gerl
Shaun I. Huppert
*Attorneys for Plaintiff*
AML IP, LLC

# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| AML IP, LLC, | Case No.: |
| Plaintiff, | **PLAINTIFF'S COMPLAINT FOR PATENT INFRINGEMENT** |
| v. | |
| TIMBERLAND BANK, | **(35 U.S.C. § 271)** |
| Defendant. | **JURY TRIAL DEMANDED** |

Plaintiff, AML IP, LLC, ("AML") files this Original Complaint and demand for jury trial seeking relief from patent infringement of the claims of U.S. Patent No. 7,177,838 ("the '838 patent") (referred to as the "patent-in-suit") by Defendant, Timberland Bank.

## I.     THE PARTIES

1.    AML IP LLC is a Texas Limited Liability Company with its principal place of business located in Austin, Texas.

COMPLAINT - 1



2.   On information and belief, Defendant is a corporation organized and existing under the laws of the State of Washington regular and established place of business at 624 Simpson Avenue, Hoquiam, Washington, 98550-3623. Defendant can be served at 624 Simpson Avenue, Hoquiam, Washington, 98550-3623, or anywhere else Defendant can be found.

3.   On information and belief, Defendant sells and offers to sell products and services throughout Washington, including in this judicial district, and introduces products and services that perform infringing methods or processes into the stream of commerce knowing that they would be sold or used in Washington and this judicial district.

**II.    JURISDICTION AND VENUE**

4.   This Court has original subject-matter jurisdiction over the entire action pursuant to 28 U.S.C. §§ 1331 and 1338(a) because Plaintiff's claim arises under an Act of Congress relating to patents, namely, 35 U.S.C. § 271.

5.   This Court has personal jurisdiction over Defendant because: (i) Defendant is present within or has minimum contacts within the State of Washington and this judicial district; (ii) Defendant has purposefully availed itself of the privileges of conducting business in the State of Washington and in this judicial district; and (iii) Plaintiff's cause of action arises directly from Defendant's business contacts and other activities in the State of Washington and in this judicial district.

6.   Venue is proper in this district under 28 U.S.C. § 1400(b). Defendant has committed acts of infringement and has a regular and established place of business in this District.

COMPLAINT - 2



Further, venue is proper because Defendant conducts substantial business in this forum, directly or through intermediaries, including: (i) at least a portion of the infringements alleged herein; (ii) regularly doing or soliciting business, engaging in other persistent courses of conduct and/or deriving substantial revenue from goods and services provided to individuals in Washington and this District; and (iii) Defendant resides in the State of Washington.

### III.    INFRINGEMENT OF THE '838 PATENT

7. On February 13, 2007, U.S. Patent No. 7,177,838 ("the '838 patent," included as exhibit A) entitled "Method and Apparatus for Conducting Electronic Commerce Transactions Using Electronic Tokens" was duly and legally issued by the U.S. Patent and Trademark Office. Plaintiff owns the '838 patent by assignment.

8. The '838 patent relates to novel and improved methods and apparatuses for conducting electronic commerce using electronic tokens.

9. Defendant maintains, operates, and administers systems, products, and services that facilitate electronic commerce using tokens that infringe one or more of claims 1-28 of the '838 patent, literally or under the doctrine of equivalents. Defendant put the inventions claimed by the '838 Patent into service (i.e., used them); but for Defendant's actions, the claimed inventions embodiments involving Defendant's products and services would never have been put into service.  Defendant's acts complained of herein caused those claimed-invention embodiments as a whole to perform, and Defendant's procurement of monetary and commercial benefit from it.

COMPLAINT - 3



10. Support for the allegations of infringement may be found in the chart attached as Exhibit B.  These allegations of infringement are preliminary and are therefore subject to change.

11. Defendant has caused Plaintiff damage by direct infringement of the claims of the '838 patent.

## IV.    CONDITIONS PRECEDENT

12. Plaintiff has never sold a product.  Upon information and belief, Plaintiff predecessor-in-interest has never sold a product.  Plaintiff is a non-practicing entity, with no products to mark.  Plaintiff has pled all statutory requirements to obtain pre-suit damages.  Further, all conditions precedent to recovery are met.  Under the rule of reason analysis, Plaintiff has taken reasonable steps to ensure marking by any licensee producing a patented article.

13. Plaintiff and its predecessors-in-interest have entered into settlement licenses with several defendant entities, but none of the settlement licenses were to produce a patented article, for or under the Plaintiff's patents. Duties of confidentiality prevent disclosure of settlement licenses and their terms in this pleading, but discovery will show that Plaintiff and its predecessors-in-interest have substantially complied with Section 287(a). Furthermore, each of the defendant entities in the settlement licenses did not agree that they were infringing any of Plaintiff's patents, including the patent-in-suit, and thus were not entering into the settlement license to produce a patented article for Plaintiff or under

COMPLAINT - 4



its patents.  Further, to the extent necessary, Plaintiff will limit its claims of infringement to method claims and thereby remove any requirement for marking.

14. To the extent Defendant identifies an alleged unmarked product produced for Plaintiff or under Plaintiff's patents, Plaintiff will develop evidence in discovery to either show that the alleged unmarked product does not practice the patent-in-suit, and that Plaintiff has substantially complied with the marking statute.  Defendant has failed to identify any alleged patented article for which Section 287(a) would apply.  Further, Defendant has failed to allege any defendant entity produce a patented article.

15. The policy of § 287 serves three related purposes: (1) helping to avoid innocent infringement; (2) encouraging patentees to give public notice that the article is patented; and (3) aiding the public to identify whether an article is patented. These policy considerations are advanced when parties are allowed to freely settle cases without admitting infringement and thus do not require marking.  All settlement licenses were to end litigation and thus the policies of §287 are not violated.  Such a result is further warranted by 35 U.S.C. §286 which allows for the recovery of damages for six years prior to the filing of the complaint.

16. For each previous settlement license, Plaintiff understood that (1) the settlement license was the end of litigation between the defendant entity and Plaintiff and was not a license where the defendant entity was looking to sell a product under any of Plaintiff's patents; (2) the settlement license was entered into to terminate litigation and prevent future litigation between Plaintiff and defendant entity for patent infringement; (3)

COMPLAINT - 5



NEXTLAW
949 MARKET STREET SUITE 701
TACOMA WA 98402
T 253 238 2558 F 253 319 5508
E INFO@CALLDANNEXT.COM

defendant entity did not believe it produced any product that could be considered a patentable article under 35 U.S.C. §287; and, (4) Plaintiff believes it has taken reasonable steps to ensure compliance with 35 U.S.C. §287 for each prior settlement license.

17. Each settlement license that was entered into between the defendant entity and Plaintiff was negotiated in the face of continued litigation and while Plaintiff believes there was infringement, no defendant entity agreed that it was infringing.  Thus, each prior settlement license reflected a desire to end litigation and as such the policies of §287 are not violated.

## V.    JURY DEMAND

The plaintiff hereby requests a trial by jury on issues so triable by right.

## VI.    PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for relief as follows:

a.    enter judgment that Defendant has infringed the claims of the patent-in-suit;

b.    award Plaintiff damages in an amount sufficient to compensate it for Defendant's infringement of the patent-in-suit in an amount no less than a reasonable royalty or lost profits, together with pre-judgment and post-judgment interest and costs under 35 U.S.C. § 284;

COMPLAINT - 6



c.    award Plaintiff an accounting for acts of infringement not presented at trial and an award by the Court of additional damage for any such acts of infringement;

d.    declare Defendant's pre-lawsuit infringement to be willful and treble the damages, including attorneys' fees, expenses, and costs incurred in this action and an increase in the damage award pursuant to 35 U.S.C. § 284 if Plaintiff proves that the infringement was deliberate or intentional; and

e.    award Plaintiff such other and further relief as this Court deems just and proper.

Dated: March 13, 2026                    Respectfully submitted,

By: __/S/ Shaun I. Huppert_____
Dan Gerl, WSBA #36586
Shaun I. Huppert, WSBA #35018
**Attorney for Plaintiff**
**AML IP LLC**

COMPLAINT - 7



## **DEMAND FOR JURY TRIAL**

Plaintiff hereby requests a trial by jury on issues so triable by right.

Dated: March 13, 2026                    Respectfully submitted,

By: __/S/ Shaun I. Huppert_____
  Shaun I. Huppert, WSBA #35018
  ***Attorney for Plaintiff***
  ***AML IP, LLC***

COMPLAINT - 8

